Thank you for the opportunity to present oral argument today on what I think is a pretty unique case. Your Honors, in many ways the parties are in agreement about a lot of the applicable law and the way it applies to Mr. Sweeney's case. And a lot of what the District Court found is not on dispute in this appeal. For example, the District Court found, we believe correctly, that the Sixth Amendment was violated and further found that the trial testimony during which Mr. Sweeney's counsel was absent was, in fact, a critical stage. And so the District Court concluded that as a result, under the Strickland analysis, prejudice can be presumed. Can I ask a question? Of course, Your Honor. The claim that he brought, was it an ineffective assistance of counsel claim? Yes. And only that? No, he brought other claims as well, Your Honor. It was a deprivation of the Sixth Amendment right through the lens of Strickland, which I think we collectively concluded applied. But he brought other claims in the 2255 which are not at issue on the appeal. Okay. So the one we're dealing with, though, is an ineffective assistance of counsel claim? Yes, Your Honor, although I think that that's a little narrow for a complete deprivation question. Cronick kind of uses both. I agree with you. Because that's the exact distinction that I'm looking at. Everything I saw, as argued below, was ineffective assistance of counsel, not a total deprivation claim. I disagree, and I apologize if Your Honor thinks that I too quickly embraced the Strickland analysis. We say over and over that this was, albeit a temporary, total deprivation of counsel claim. Wouldn't a total deprivation of counsel claim be, well, it wasn't brought on direct appeal, so wouldn't it be procedurally barred? Nobody has raised a claim of procedural bar heretofore, Your Honor, so I don't know whether it would be. I haven't looked at that. In this case, though, perhaps because it was framed as ineffective assistance of counsel by the counsel absenting himself from the courtroom, that was never litigated. And that comes back to my initial question, or do we really just have an ineffective assistance of counsel claim? Your Honor, I think you raise an interesting question. I think in all candor, though, that from the very beginning, his absence from the courtroom was treated as a question of ineffective assistance of counsel that this Court has held over and over again. All the pleadings I saw frame this as ineffective assistance of counsel. But they also get into whether this constitutes the sort of total deprivation that triggers the application of chronic. Chronic is an ineffective assistance of counsel discussion because it addresses both prongs of the Strickland analysis. So in some ways, Your Honor, we might be splitting hairs in service of trying to find a procedural default here. Nobody raised a claim of procedural default below, but more importantly, chronic itself might be responsible for the merger of these two lines of analysis. I think under either line of analysis, and one more note, Your Honor, it's important to keep in mind that at least as originally filed, this was a pro se petition. I certainly did my best to bring additional thoughts to the Court. But I think that it was correctly viewed as a chronic and its progeny question. Whether we characterize chronic as a deprivation or an ineffective assistance argument, I guess we could talk about for a while. And I think chronic kind of blurs the two. Your Honors, I think what's very interesting about what Judge Schultz did, and it's clear that he paid a lot of attention to this, but I ultimately strongly disagree with the conclusion. He found that trial was a critical stage. He found that this section of the trial, even brief, was a critical stage. And he embraced, I think, the idea that when there's active testimony against a defendant, it's almost impossible to dismiss that as anything other than a critical stage. He cites favorably our analysis that trial is the paradigmatic critical stage, as this court held in Turner. He also finds that as a result, you presume prejudice. But in the next set of analysis, he says, nonetheless, we can apply harmless error review. And I suggest that in so doing, that reads the presumption of prejudice straight out of the chronic analysis and its progeny. First, I think it's important to note that the district court cited to no authority from this court or the Supreme Court where absence of counsel during trial testimony was treated as harmless error. The court certainly pointed to four Supreme Court cases, three of which preceded chronic, Coleman, Fulman, I mean, I'm sorry, Coleman, Ruchin, and Wade, all three of which talk about harmless error in other sorts of counsel questions, all three of which precede the chronic holding that says that when counsel is absent, you can presume prejudice. In the chronic holding, the actual determination in chronic was that it was not an effective assistance to counsel because of this counsel's inexperience in a complex trial. You have to look at the counsel's presence there. And he was present during the entire trial. And I get this sense of chronic in some of the other cases that what you're arguing is that this is a structural defect, is it not? That's your position that this is a structural defect, and presumption of ineffectiveness applies immediately, and you don't look any further. That's your position, isn't it? Or is it? Yes and no, Your Honor. I think the result is exactly what Your Honor says, and we agree. I agree exactly that harmless error analysis should not go in this case. It's presumption means you don't ask those questions. I think it's interesting, though, because- That's the whole point of the structural, of bringing in the Supreme Court's development of the structural error concept. And in the cases that did that, both Fulminati and Nader, they said the only structural error that in this universe we're talking about is the complete deprivation of counsel. And to me, that's controlling. Might I address that, Your Honor? That's controlling, and it requires us to agree with the district court that harmless error applies. Your Honor, with due respect, Fulminati is exactly what the lower court most squarely hung its hat on. First of all, and the reason I hesitated with Your Honor's question is, Fulminati never mentions chronic. It never, in all of the cases where it's- You can't ignore Nader, because Nader simply confirms that, to me, this is where we are, the Supreme Court. But- You can take all the cases like chronic and the other ones that you're trying, the pre-chronic that you want to say are not applied. And to the extent they don't talk about the issue in this term, in these terms, the Supreme Court particularly and Nader said, this is the way you look at these problems. Your Honor, with due respect, the Fulminati court, which cites 17, I think, cases or- I mentioned it in detail in my brief. It cites a long string of cases for the proposition that certain things are amenable to harmless error analysis and certain things are not. None of those cases deal with deprivation of trial, with the exception of a Seventh Circuit case that was absence- I'm sorry, deprivation of counsel during trial. They set it forth as one of the examples of structural error, right? Correct, Your Honor. And they defined what that deprivation was. It's complete. That's their definition of when the absence of counsel is structural error. And that's perfectly sensible because the district court points out you can analyze in harmless error terms the effect of the limited absence here. You've got the six pages of trial transcript. Your Honor, I think complete is subject to a different interpretation by Your Honor and I. I think complete- I'm sure. Yeah. I think complete deprivation happened to John Sweeney during those six pages. He had no counsel. And I think that he- That's where my presiding judge and I sort of, I don't think we quite agree, but we do, I think, agree on principle. And I agree with you. There was no counsel for the three minutes. And as I read the cases, and what you're asking for, you really don't have any case law, but you're asking for relief by inference. But the way I read those cases is that it's beside the point first whether it's harmless error or not. You don't look at- But you look at the surroundings. For example, if there's no counsel or say of a very important part of the case, for example, maybe a confession, there's no counsel. It's very crucial. But here, you look at the overall case right away, and all of a sudden the thing that hits you is there's a three-minute no counsel in a 13-day trial. And so then you have to say, at least this way I look at it, is that structural error or not? You don't have to, you don't go to harmless error. Structural error. And it seems to me, I have a hard time, and one time I was in agreement with you, but not quite yet. I have to talk faster. You can't make that structural error when it's only three minutes and of a 13-day trial. And that's as far as we go. And if you can say that structural error, you win. But if you can't, you don't win. Your Honor, I think you're doing implicit harmless error analysis with due respect. I think that you are, in some ways, reassured by the fact that not much happened during this three minutes. That it was, that the attorney did a very good job otherwise. And I'm saying, if this were a five-minute trial, I'd look at it differently. If this were, you know, it's deprivation of counsel. And it is very borderline. I think the first thing you have to decide is structural error or not. But you look at the overall situation. Your Honor. And none of the cases go anywhere near saying this would be structural error. We'd really be taking a long step. But that's all I wanted to say. With due respect, Your Honor, there's no cases that find that absence of counsel during trial testimony is harmless. There are no cases to support. Wait a minute. Wait a minute. You stumble across the United States v. Cade, K-A-I-D, in the Second Circuit, a 20-minute absence. And it was also, it was an ineffective assistance of counsel claim, which is the way I perceive this one, 20 minutes during testimony, and they subjected it to Strickland prejudice and found no prejudice. I apologize that I didn't have that case at my fingertips. And I should also clarify, I mean, there's no binding precedent. There's no Eighth Circuit precedent. There's no Supreme Court precedent. But I think that's the only other court of appeals case that could be found. I certainly looked at the ones that the court cited, and not one of them is trials absence during testimony, no matter how brief. Your Honor, I think that if we're talking about complete deprivation as requiring absence throughout an entire critical stage, that undermines this court's holding in Turner, which found that the attorney was absent during major chunks of parts of days of an eight-day trial. It was sort of a disturbing case to read, actually, because he was gone so often. I think Turner was pre-natured. Okay. Right? That's correct, Your Honor. But it also squarely held that were there not a waiver in that case, that absence would have been found to be per se reversible under chronic. So I think we can't get into the idea that maybe complete has to be you get no lawyer for the entire trial. I think complete is you have no lawyer during a part of a critical stage, your trial testimony. And Judge Schiltz squarely found that this was a critical stage. It was testimony of a co-defendant against Mr. Sweeney about things that related directly to his defense. I'm going to save my last two minutes for rebuttal. Thank you, Your Honors. Thank you. Okay. Good morning, Your Honors. May it please the Court. Judge Schiltz correctly concluded that the brief absence of counsel that resulted in a Sixth Amendment violation in this case was subject to harmless error analysis and ultimately harmless beyond a reasonable doubt based on the facts that were before him, which were John Sweeney was vigorously defended during a 13-day trial. But you're now going to harmless error. That's what you're talking about. And it seems to me the first thing, if I understand the law, you don't get to harmless error unless you say, if you say there's structural error, how do you decide when there's structural error? By going to harmless error first? I say no. I say there's got to be some other way to decide structural error. And Judge Schiltz, I agree with the Court, and Judge Schiltz ultimately correctly concluded that the formula set forth in Fulminante was the correct formula within which to analyze this case. And Judge Schiltz, in making that determination, had these facts before him. First of all, defense counsel was absent for three minutes. Secondly, the defenses in the case were aligned and mostly consistent, and there was a joint defense agreement in place. Thirdly, Mr. Brink, Michelle Sweeney's counsel, also testified. Wasn't this always brought as an ineffective assistance of counsel claim? While it was, Your Honor, it was liberally construed as a denial of counsel, which was conveyed throughout the pleading. There was no, as the parties addressed the claim, the parties addressed the claim. Well, doesn't ineffective, to find a Sixth Amendment violation under ineffective assistance, you have to find prejudice. Correct. That's absolutely true. Well, it sounds like somebody converted it somehow into a total deprivation claim that, at least from the pleadings, I couldn't find being pled. Was that exhausted on direct appeal? I agree with defense counsel that it was just, it was liberally construed given the construction of both Cronic and Strickland. In this case, however, I didn't re-read it, it wasn't Cronic but Strickland case? It was, initially. And so they got to the second prong, so to speak, and concluded you don't have to look at prejudice given the type of deficiency. Given the type of deficiency, correct, Your Honor. In this context... You litigated it on that assumption, if you will. I believe that's correct, Your Honor. And I think the district court... I believe that's correct. ...analyzed it that way. In this case, the district court correctly concluded that there was no structural error that undermined the reliability of the framework within which the trial proceeded in this case because the limited absence of counsel was what the First Circuit in Ellis, for example, called a short-term localized denial of counsel. It was not de minimis, as the district court said, but nonetheless so limited in scope, it was quantifiable and it didn't call upon the court to speculate as to what the effect of counsel's presence might have been in that very limited three-minute period of time. For this reason, in those six pages, what is made clear is that defense counsel conducts an extensive cross-examination of the witness, including... If it's a total denial, then isn't it structural? The government's position is, no, not necessarily, because... I don't know why your position isn't, it's not a total denial, but... Well, it isn't a total denial, that is the government's position. It is not a complete denial of counsel that pervades the entire proceeding. Then what are we left with? Ineffective assistance, right? Which the court, arguably, yes, Your Honor, which the court can then analyze and conclude that because there's no prejudice, the defendant's claim fails. And the answer is yes. If you find it's not structural error and it's an ineffective assistance claim, then the claimant has to satisfy the prejudice... Prong of Strickland. Prong of Strickland. Yes. And that's... So when... I mean, harmless error and Strickland prejudice, they're kind of two sides of the same coin usually anyway. Correct, Your Honor. It doesn't matter. Once you get past, is this chronic control, then you have to call it one thing or the other. I'm not sure it matters much which you call it. You know, no prejudice versus harmless error. Correct. Do you concede, or don't you, that there could be a lawyer who absents himself for only a year of a trial, that crucial matters come in, that it could be structural error? Yes. And the Supreme Court, I think, would embrace that in those situations where, for example, counsel cited to the Green case, where... The Sixth Circuit or the Eighth Circuit? The Eighth Circuit. I apologize. The Eighth Circuit Green case. The Sixth Circuit is actually a very good example of the line drawing. Correct. And I'll talk about both the Sixth Circuit case and the Eighth Circuit case. But in the Green case, in the Eighth Circuit, there was no counsel present whatsoever for an evidentiary hearing in a 2255 context. And the court explained, that's structural error. There was no way to identify the effect of the absence of counsel, what counsel might have done had counsel been present. In the Green case, the Green versus Arnn case in the Sixth Circuit, this is an instance where defense counsel was absent during the entire testimony of one of the two victims of the offense. And defense counsel left to co-defendant's counsel cross-examination of that victim. And it is based on that, that the Sixth Circuit concluded that defendant was denied counsel because, one, it was a critical stage. The taking of evidence was the touchstone for the Sixth Circuit in the Green versus Arnn case. Nonetheless... But you missed some other facts. The defendant personally in the Sixth Circuit case insisted to the state trial judge that he didn't have his lawyer there. He wanted his lawyer there. He wanted a new lawyer because his lawyer wasn't there. And eventually he asked his lawyer to seek a mistrial for judicial misconduct. And the judge got mad and revoked the defendant's release pending during trial. And on the basis of all that, there was still a dissenting judge in the Sixth Circuit, who I think focused more on just the significance of the trial that was missed. Correct. Analyzed it very much as Judge Schultz did here, focusing on how long was it. And the state said five minutes and the defense said two hours. And what was missed, there was aggressive cross-examination on behalf of all the defendants' counsel. And the co-defendants' counsel then said to the trial judge, I have decided I do not want to cross-examine this witness. And my client and I disagree on that. Now here we don't have any disagreement by Mr. Sweeney, do we? No, we... He was silent during this trial episode. That's correct. He was not asked his view with respect to the absence of counsel. And the trial court was assured that it was . . . Well, in any event, co-defendants' counsel cross-examined during the six pages. And the questioning was determined by our district court to have been on behalf of, if you will, or consistent with the position of all defendants. Well, there was the . . . It was direct examination of the witness during that six pages where Mr. Hawkins was absent. It was not cross-examination yet. Well, because he came back and he did cross-examine. Exactly. And even before Mr. Hawkins left, the most . . . The most . . . The evidence that was most inculpatory to his client was elicited initially. And then it came out again during that six pages. And immediately, Mr. Hawkins, at the end of the six pages, starts his aggressive cross-examination of that witness, addressing the fact that there were lawful uses for these devices, that they were sold only to end-users, that the relationship between CIS and Microstar was simply a buyer-seller relationship. Ultimately . . . And here's where I'm getting at your argument. Everything that you've said in response to Judge Loken's question has been an analysis of whether this was harmless error. And if I understand the cases, if it's structural error, for instance, confession, which went on with no counsel, if it's structural error, and you can say it's structural error, there are certain kinds of structural error. A, we know that no counsel at all in a criminal trial would be structural error. We know that a trial with a biased judge is structural error. You don't go through the record and see whether the judge made the right rulings or didn't make the right rulings. You only have to determine, was he a biased, prejudiced judge? And that's got to be determined from other factors. And so, what I'm trying to find out is, what do the cases say as to how you determine structural error? One of the things I do feel is important is the Supreme Court, at least I think as I read it, tends to say that we're not in favor of structural error in questionable cases. That's the one principle I would know. And the other principle is that I thought was there. You look at the overall situation. You know that when there's no counsel at all, there's structural error. You know that if it's a prejudiced judge, it's not the way a trial should be conducted. And can you say that? And so, then the question is, this guy leaves the courtroom. The judge doesn't say anything to the jury. All of a sudden, he's gone three minutes. How do we determine that structural error? What the court has said in Fulminante is, structural error affects the framework in which the trial proceeds and undermines the basic function and reliability of the trial. If the error does not fall into that category, if the error does not require the court to speculate as to what the effect of the presence of counsel might have been, then that error is likely to be trial error, which is error that occurs when the case is presented to the jury. It can be quantitatively assessed in the context of other evidence presented. Earlier, you gave us a bunch of cases where structural error was found. What's your best case that this three-minute absence doesn't constitute structural error? Well, there are a couple of cases that have addressed the temporary absence of counsel. The Vines case in the 11th Circuit. Do that again. The Vines case? Vines. And found no structural error? If I could. During an absence? Have a moment, Your Honor. This was a case in which defense counsel was absent for about an hour and a half on the afternoon of trial. Now, the difference in that case is the court ordered that no testimony be presented about the defendant during counsel's absence. So, the court indicated that the errors made were capable of quantitative assessment, but part of its rationale was the fact that it had limited the type of evidence that could be presented in that counsel's absence. The court found no structural error, right? Correct. Now, it's more significant than that and nuanced than that, but yes, Your Honor, ultimately. In addition to that, there are a number of denial of counsel cases. One thing I do want to make clear to the court is, in the Turner case, counsel was absent on parts of eight days. This court concluded that that was structural error. It was nearly 20% of the trial. It wasn't an eight-day trial. It was a 38-day trial. I didn't get that. The Turner case of this court? Yes, I know. I got Turner, all right. Okay. The same is true with respect to the Ellis case, which I mentioned, which is the short-term localized... You're giving me ones where it is structural error and they're longer terms. I'm looking for some that go the other direction. No, in Ellis, the court concluded that there was no presumptive prejudice in that case, the First Circuit case. What was the absence there? It was when counsel was absent during jury deliberations and the verdict and there were questions being posed to the court and the court was communicating with the jury in that case. The same was true in that Arnold v. Evatt case of the Fourth Circuit, where no prejudice was presumed during the jury crime scene viewing that was supervised by the judge. I was going to ask you. I've been around quite a while. I have a memory of a case out of Arkansas. It may have been a habeas where the lawyer was there, but he was either intoxicated or asleep part of the time and my recollection is that we didn't overturn the conviction because of certain circumstances. You don't recall a case like that, do you? I'm sorry, Your Honor, I don't. Neither do I, really. Okay. Seeing that my time has expired, I will rest on the submissions to the court. Very good. I know Ms. Menendez has some time. Two minutes and ten seconds. Just three brief points I wanted to, or four. The Ellis case deals with a judge answering questions of the jury absent input from either the government or the defense and without the presence of the defendant either. So it's not trial testimony and it's not squarely similar to this because he was having ex parte communications. Let me give you the flip question. What's your best case that this three minute absence would be structural error? I think Turner supports it. That's this court's case. I think Green v. Arnn supports it as well, Your Honor. I also think part of the reason we're having... Aren't those much longer and more significant time periods in those cases? We do not have a three minute absence to draw on, or even close, Your Honor. I'll be very candid. This is a brief absence. That's why it's such an interesting case. Your Honors, I think that part of the reason that Your Honors keep asking for... Green v. Arnn. Oh, that's the one I meant. Green v. Arnn. I think that's one of our very best cases. I think that part of... Your Honor, I respectfully disagree with the suggestion that Nader answers this unequivocally. I agree that Nader is a structural error case, but Nader has to do with, if I recall correctly, the jury being properly instructed about an element. It doesn't squarely address whether a short term absence of counsel rises to structural error. I find it very interesting that chronic and fulminante in some ways are like two ships passing in the night. All of the chronic cases that we look at, post-fulminante, circuit court, chronic cases, doing this analysis carefully, they don't tend to revert to the fulminante analysis of structural versus trial error. They continue with the chronic analysis of, is this a critical stage? If it is, presumption is presumed. So in some ways, it's... If they were complete absence cases, they would... That's correct, Your Honor, but they get into this similar... I didn't worry about what the district court did here. The district court didn't say, fulminante and I'm done. No. I think the district court quite properly said, fulminante tells us for sure what chronic meant by... that chronic itself was an example of structural error. Now, if you don't have a complete absence, which of course we do have to define, then you have to figure out when would a partial absence have such an impact on the framework of the trial as it would be structural. The district court said, here we had the presence of co-defendant counsel pursuing a consistent defense, and we have an absence that can be evaluated. And he said, under these circumstances, I can do the analysis that fulminante went on to do with confession. You don't get much closer to structural than... Except that you can cross-examine about confession, and when it was introduced at trial, he had counsel, Your Honor. That's the difference in fulminante. One final point, and then I'll be done. Your Honor, I think Green v. Arnn has some instruction as to your perception that the Sixth Amendment, complete deprivation versus Strickland analysis are kind of blurred. I think Green kind of perpetuates that blurring. It talks about how if you're talking about absence of counsel, then you presume the prejudice prong. I think it shows that in fact the two analyses are so interwoven as to not raise a question of waiver in this case. Thank you, Your Honor. I see that my time is up. Thank you, counsel. It's an interesting issue, an interesting case, and it's been very well presented, both briefs and arguments. We'll take it under advisement.